IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BILLY R CAMPBELL,

    Petitioner,

v.   CASE NO. 4:16-cv-27-RH-GRJ

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1. Petitioner has paid the filing fee for a habeas corpus action. ECF No. 11. Petitioner challenges his 1991 Leon County conviction for sexual battery. Petitioner appealed the conviction and sentence, which were affirmed *per curiam* by the First District Court of Appeal of Florida in 1994.

After his conviction was final, Petitioner filed a motion for post conviction relief on March 2, 1996, raising claims of ineffective assistance of counsel. The motion was denied by the trial court, and Petitioner appealed the denial. (ECF No. 1 at 3.) The Florida First DCA *per curiam*

affirmed the denial on July 1, 1999. *Id.*; *Campbell v. State*, 737 So.2d 1079 (Fla. Dist. Ct. App. 1999).

Petitioner filed a second motion for post conviction relief on June 3, 2009. (ECF No. 1 at 4.) Petitioner represents that the trial court denied the second motion. He attaches the order issued by the Circuit Court for the Second Judicial Circuit of Florida, which evidences that the trial court denied the motion as untimely on May 23, 2011. (ECF No. 1 at 24-27.) Petitioner appealed, and the First DCA affirmed on April 23, 2012. (ECF No. 1 at 4.)

Petitioner next filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a) on May 31, 2013. (ECF No. 1 at 4.) The motion was denied on June 10, 2013, as barred by *res judiciata* and as otherwise meritless. (ECF No. 1 at 22.) Petitioner was advised against filing untimely or otherwise procedurally barred claims. Petitioner appealed, and the decision was affirmed per curiam on March 6, 2014. (ECF No. 1 at 23.)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was passed on April 24, 1996. AEDPA imposed a one-year period of limitation on the filing of a habeas petition by a person in custody pursuant to a state

court judgment. Because Petitioner's conviction became final before that date, he was afforded one year to file his federal habeas petition, until April 24, 1997.  *Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209 (11th Cir. 1998).

Petitioner filed a timely federal habeas petition in this Court on April 22, 1997.  *Campbell v. Moore*, No. 4:97-cv-153-LC (N.D. Fla. 1997). Petitioner raised several challenges to his conviction including arguing that: (1)  denial of the opportunity to interview child witnesses before trial violated his right to due process; (2)  admission of collateral crimes evidence at trial denied him a fair trial; (3) the evidence against him was coercively obtained and resulted in the denial of a fair trial; (4) the improper exclusion of testimony violated his right to due process and confrontation; (5) improper remarks in the closing argument by the prosecutor violated his rights to due process and a fair trial; (6) he was denied effective assistance of counsel; and (7) he was actually innocent.  The Court denied the federal habeas petition on September 11, 2001.  No. 4:97-cv-153-LC, ECF No. 76. Petitioner appealed, and the appeal was dismissed on February 22, 2002. *Campbell v. Moore*, No. 01-16392-B.

Petitioner filed a second federal habeas petition in this Court on April

22, 2013, challenging the same 1991 conviction for sexual battery. *Campbell v. Crews*, Case No. 4:13-cv-231-MW-CAS (N.D. Fla. 2013.) Petitioner voluntarily dismissed his petition on November 18, 2013.[1] No. 4:13-cv-231-MW-CAS, ECF Nos. 22 & 23.

This is the third petition for habeas corpus relief Petitioner has filed concerning his 1991 conviction for sexual battery. To file a second or successive § 2254 petition, Petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Secretary, Dept. of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

On January 25, 2016, the Court directed Petitioner to demonstrate

---

[1] The 2013 Petition was voluntarily dismissed by Petitioner. *See* Case No. 4:13-cv-231 (N.D. Fla. 2013), ECF Nos. 22 & 23. Voluntary dismissal of a petition, however, does not prevent a second petition from being dismissed as successive. *See Felder v. McVicar*, 113 F.3d 696 (7th Cir. 1997)(discussing *Benton v. Washington*, 106 F.3d 162 (7th Cir. 1996)).

*Case No: 4:16-cv-27-RH-GRJ*

that he has obtained an order from the Eleventh Circuit authorizing this Court to consider his Petition.  The Court advised Petitioner that if he failed to do so, the Petition would be dismissed.  On Petitioner's motion the Court extended the deadline to show cause to April 4, 2016. The Court advised Petitioner that no further extensions would be granted given that Petitioner had been given more than two months to prepare a response.

As of this date, Petitioner has failed to show he has received authorization from the Eleventh Circuit to file a successive petition. Furthermore, nothing in the record reflects that Petitioner has been granted leave by the Eleventh Circuit to file a second or successive habeas corpus petition. Accordingly, this Court lacks the authority to entertain Petitioner's claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, should be **DISMISSED**.  The Clerk should be directed to terminate all pending motions and dismiss the case.

**IN CHAMBERS** this 6th day of April 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 4:16-cv-27-RH-GRJ*

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

*Case No: 4:16-cv-27-RH-GRJ*