IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BILLY R CAMPBELL,

      Petitioner,

v.                               CASE NO. 4:16-cv-27-WS-GRJ

SECRETARY, FLORIDA
DEP'T OF CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

      This cause is before the Court on ECF No. 41, Petitioner's Motion to Recall and Reopen Habeas Petition.

      Petitioner's petition for writ of habeas corpus was dismissed without prejudice as an unauthorized successive habeas corpus application on April 28, 2016. (ECF Nos. 37–38.) Petitioner asks this Court to reopen his case for further review. (ECF No. 41.) The Court, therefore, construes his motion as a motion for relief from judgement pursuant to Fed. R. Civ. P. 60.

      "The discretion to reopen final judgments contemplated in most of the provisions of Rule 60(b) cannot co-exist in a habeas case with [28 U.S.C.] § 2244(b)." *Gonzalez v. Sec'y for Dep't of Corrections*, 366 F.3d 1253,

1271 (11th Cir. 2004). Where a motion to recall challenges the federal court's resolution of a claim on the merits, the motion "is the functional equivalent of a second or successive petition and the terms of the AEDPA's § 2244(b) apply regardless of the label put on it." *Id.* at 1275. But, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the rule 60(b) motion does not bring a claim for relief from a state court's judgment of conviction and therefore is a true 60(b) claim. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Where there is a true 60(b) claim, the terms of section 2244(b) do not apply. *Id.* at 533.

In this case, Petitioner does not assert a defect regarding the Court's resolution of his claim on the merits, nor could he because the Court never reached the merits of his claims. Instead, Petitioner challenges the Court's failure to make any ruling on his claims. Petitioner's instant motion is, therefore, a true motion for Rule 60(b) relief. *See Spitznas v. Boone,* 464 F.3d 1213, 1225 (10th Cir. 2006) (determining that because petitioner's contention was that the district court failed to consider one of his habeas claims, and therefore, alleged a defect in the court's failure to make a ruling on the claim, petitioner's motion was a true claim for Rule 60(b) relief

and not a successive petition). Under Fed. R. Civ. P. 60(b), the Court may relieve a party from a final judgment for mistake, newly discovered evidence, fraud, if the judgment is void or has been satisfied, released or discharged, or any other reason that justifies relief.

The instant motion asserts that the petition was not successive because it did not present the same grounds for relief as those in his first petition for writ of habeas corpus. Petitioner contends that this Court has authority to consider his petition without authorization from the Eleventh Circuit. Petitioner further asserts that Respondent defaulted on raising the affirmative defenses of untimeliness and successiveness. The Court liberally construes Plaintiff's motion as requesting relief based on mistake.

Relief from judgment, however, is not appropriate in this case because the Court did not err in dismissing his petition. First, although the petition raised issues that were not presented in Petitioner's first petition, the petition was, nonetheless, successive.

> A "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Likewise, a claim presented in a second or successive petition that was *not* presented in the first petition must also be dismissed, unless certain circumstances apply. *See* 28 U.S.C. § 2244(b)(2)(A)-(B). If those circumstances apply, however, "before a second or successive application permitted by this

section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If the applicant has not sought permission, the district court must dismiss the petition under Section 2244(b)(2).

*Barnes v. Briley*, 43 F. App'x 969, 972 (7th Cir. 2002). Because the petition was successive, Petitioner was required to obtain authorization from the Eleventh Circuit prior to filing his third habeas petition in this Court. Petitioner did not do so. Accordingly, the Court properly dismissed his petition without prejudice and sent Petitioner the Eleventh Circuit's form application for leave to file a second or successive habeas corpus petition. (ECF No. 37.)

Secondly, the petition was not dismissed as untimely; the petition was dismissed as successive. (ECF Nos. 27, 37.) Respondent was not served in this case and therefore was not required to raise any affirmative defenses, such as timeliness. *See* Fed. R. Civ. P. 12(a).

Thirdly, successiveness is not an affirmative defense; instead, it is an issue of subject matter jurisdiction. *See, e.g.*, *Franqui v. Florida*, 638 F.3d 1368, 1375 (11th Cir. 2011) (explaining that where a petitioner does not secure the Eleventh Circuit's permission to file a second or successive habeas petition, the district court lacks subject matter jurisdiction to

consider the claims). Federal courts are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). This Court, therefore, had the authority to sua sponte dismiss Petitioner's petition as successive.

Simply put, the Court did not err in dismissing Petitioner's petition as successive. Furthermore, Petitioner does not contend that any of the other reasons under Fed. R. Civ. P. 60(b) apply. Relief from judgement is not warranted.

Finally, Petitioner requests that the Court issue a certificate of appealability should the Court determine relief from judgment is not warranted.  (ECF No. 41.) No reasonable jurists, however, would debate the fact that Petitioner's petition was properly dismissed as successive and unauthorized by the Eleventh Circuit. Petitioner's request for a certificate of appealability is denied.

Accordingly, for these reasons, it is respectfully **RECOMMENDED**:

1.  Plaintiff's Motion to Recall and Reopen Habeas Petition, ECF No. 41, should be **DENIED**.

2.  Plaintiff's request for a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 4th day of August, 2016.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.