IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BILLY R CAMPBELL,

    Petitioner,

v.                                               CASE NO. 4:16-cv-27-WS-GRJ

SECRETARY, FLORIDA
DEP'T OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the Court on ECF No. 73, Petitioner's Second Motion to Reopen Case and Hear on Merits. Petitioner requests the Court to reopen his case pursuant to Rule 60(b)(1), (b)(3), and/or (b)(6). The Court construes his motion as a motion for relief from judgement.

    Petitioner's petition for writ of habeas corpus was dismissed without prejudice as an unauthorized successive habeas corpus application on April 28, 2016. (ECF Nos. 37–38.) Petitioner previously asked this Court to reopen his case for further review on July 29, 2016, arguing that his petition was not successive and that Respondent failed to waive the affirmative defenses of successiveness and untimeliness. (ECF No. 41.) The Magistrate Judge recommended denying Plaintiff's motion to recall

and reopen his habeas petition, ECF No. 42, which the District Judge adopted on September 8, 2016. (ECF No. 46.) Petitioner has now filed a second motion to reopen his case. (ECF No. 73.) Specifically, Petitioner asserts that the Court's order denying his amended motion to proceed without issuance of a certificate of appealability is fraught with factual and legal contradictions, which mitigate toward reopening his case.[1] (*Id.*) Petitioner also asserts that the Court incorrectly characterized his petition as his third petition rather than his first petition, an argument he also raised in his first motion to reopen his case, ECF No. 41, which the Court denied. (ECF Nos. 42, 46.)

As the Court previously informed Petitioner with regard to his first motion to reopen his case, "The discretion to reopen final judgments contemplated in most of the provisions of Rule 60(b) cannot co-exist in a habeas case with [28 U.S.C.] § 2244(b)." *Gonzalez v. Sec'y for Dep't of Corrections*, 366 F.3d 1253, 1271 (11th Cir. 2004). Where a motion to recall challenges the federal court's resolution of a claim on the merits, the motion "is the functional equivalent of a second or successive petition and

---

[1] Notably, Petitioner already filed objections to that order, ECF No. 71, which the Court denied. (ECF No. 72.)

the terms of the AEDPA's § 2244(b) apply regardless of the label put on it." *Id.* at 1275. But, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the rule 60(b) motion does not bring a claim for relief from a state court's judgment of conviction and therefore is a true 60(b) claim. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Where there is a true 60(b) claim, the terms of section 2244(b) do not apply. *Id.* at 533.

In this case, Petitioner does not assert a defect regarding the Court's resolution of his claim on the merits, nor could he because the Court never reached the merits of his claims. Instead, Petitioner challenges the Court's failure to make any ruling on his claims. Petitioner's instant motion is, therefore, a true motion for Rule 60(b) relief. *See Spitznas v. Boone,* 464 F.3d 1213, 1225 (10th Cir. 2006) (determining that because petitioner's contention was that the district court failed to consider one of his habeas claims, and therefore, alleged a defect in the court's failure to make a ruling on the claim, petitioner's motion was a true claim for Rule 60(b) relief and not a successive petition). Under Fed. R. Civ. P. 60(b), the Court may relieve a party from a final judgment for mistake, newly discovered

evidence, fraud, if the judgment is void or has been satisfied, released or discharged, or any other reason that justifies relief.

The instant motion asserts that the petition was not successive because Petitioner believes that a claim for an illegal sentence can be raised at any time and is never successive. Petitioner further contends that his second habeas petition should have been considered his first petition, and because he voluntarily dismissed his second petition, his third petition should have constituted his first petition. Accordingly, Petitioner says that this Court has authority to consider his petition without authorization from the Eleventh Circuit. Petitioner further asserts that Respondent defaulted on raising the affirmative defenses of untimeliness and successiveness. Based on these specific arguments, the Court liberally construes Plaintiff's motion as requesting relief based on mistake under Rule 60(b)(1).

Relief from judgment, however, is not appropriate in this case due to mistake because the Court did not err in dismissing his petition. First, Petitioner has failed to assert reasons why the Court should construe his second petition as his first petition. Even if the petition raised issues that were not presented in Petitioner's first petition—which Petitioner raised in his first motion to reopen his case—the petition was, nonetheless,

successive.

> A "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Likewise, a claim presented in a second or successive petition that was *not* presented in the first petition must also be dismissed, unless certain circumstances apply. *See* 28 U.S.C. § 2244(b)(2)(A)-(B). If those circumstances apply, however, "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If the applicant has not sought permission, the district court must dismiss the petition under Section 2244(b)(2).

*Barnes v. Briley*, 43 F. App'x 969, 972 (7th Cir. 2002). Because the petition was successive, Petitioner was required to obtain authorization from the Eleventh Circuit prior to filing any additional habeas petition in this Court. Petitioner did not do so.

The same is true of Petitioner's third petition. Petitioner asserts that his third petition should be characterized as his first petition because he voluntarily withdrew his second petition. The Court, however, previously informed Petitioner that the voluntary dismissal of a petition does not prevent a court from dismissing a second petition as successive. *See* ECF No. 27 at 4 n.1 (citing *Felder v. McVicar,* 113 F.3d 696 (7th Cir. 1997)

(discussing *Benton v. Washington*, 106 F.3d 162 (7th Cir. 1996)). Thus, even if the Court were to consider Plaintiff's second petition his first petition, which the Court declines to do, the Court would still not have jurisdiction to hear Plaintiff's third petition—hypothetically construed as his second petition—without the Eleventh Circuit's authorization because it would still be successive. Accordingly, the Court properly dismissed his petition without prejudice and sent Petitioner the Eleventh Circuit's form application for leave to file a second or successive habeas corpus petition. (ECF No. 37.)

Further, to the extent Petitioner says Respondent waived the defenses of untimeliness and successiveness, Petitioner's claim has no merit for two reasons—reasons the Court included when denying Petitioner's first motion to reopen his case. (*See* ECF No. 42.) First, Respondent was not served in this case and therefore was not required to raise any affirmative defenses, such as timeliness. *See* Fed. R. Civ. P. 12(a).

Second, successiveness is not an affirmative defense; instead, it is an issue of subject matter jurisdiction. *See, e.g.*, *Franqui v. Florida*, 638 F.3d 1368, 1375 (11th Cir. 2011) (explaining that where a petitioner does

not secure the Eleventh Circuit's permission to file a second or successive habeas petition, the district court lacks subject matter jurisdiction to consider the claims). Federal courts are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). This Court, therefore, had the authority to sua sponte dismiss Petitioner's petition as successive.

Simply put, the Court did not err in dismissing Petitioner's petition as successive. Furthermore, to the extent Petitioner asserts that if the Court cannot grant his motion due to mistake, pursuant to Rule 60(b)(1), the Court should instead grant his motion pursuant to Rule 60(b)(3) or (b)(6), Petitioner has failed to show how those provisions afford him relief. Rule 60(b)(3) states that a court may grant relief from a final judgment, order, or proceeding due to "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Petitioner, however, has not alleged any fraud, misrepresentation, or misconduct by Respondent. Further, although the Court may also grant relief for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), the Court does not find any other

Case No: 4:16-cv-27-WS-GRJ

reason that would justify relief in this case. Accordingly, relief from judgment is not warranted.

Accordingly, for these reasons, it is respectfully **RECOMMENDED**:

Petitioner's Second Motion to Reopen Case and Hear on Merits, ECF No. 73, should be **DENIED**.

**IN CHAMBERS** this 27th day of December 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.